The United States Court of Appeals for the Federal Circuit is now open and in session. God save the United States and this Honorable Court. Good morning ladies and gentlemen. We have four cases on the calendar this morning. A veteran's case, case from the PTAB, case from the District Court, and an employee case from First case is Atilano v. McDonough, 2020-1579. Mr. Raven, please proceed. Thank you, Your Honor. May it please the Court. Good morning. Sean Raven appearing for the veteran, Mr. Jesus Atilano. The issue before the Court is whether the Veterans Court properly interpreted 38 U.S.C.A. Section 7107B to require that an appellant personally appear and participate in the hearing before the Board of Veterans Appeals. Mr. Jesus Atilano is a veteran with Honorable Act of Service to include service in Vietnam. At the time of his scheduled hearing in 2016, Mr. Jesus Atilano was service-connected for post-traumatic stress disorder, which the Department of Veterans Affairs rated as 70% disabling. Mr. Raven, this is Judge Lurie. Let's look at the statute. You cited B, but there's also E, E2. The chairman may afford the appellant an opportunity to participate in the hearing through the use of facilities and equipment in lieu of a hearing held by personally appearing, and that would suggest that personally appearing is the default requirement, and that that is underlined by looking at the regulation that says a hearing will not normally be scheduled for receiving solely for receiving an argument by a representative. Why don't we defer to the agency interpreting its own statute? Your Honor, deference is appropriate only if the plain language of the statute is ambiguous, and in this case the plain language of 38 U.S.C. Section 7107B is simply that a hearing must be afforded to the appellant, and the Board shall decide any appeal only after affording the appellant an opportunity for a hearing. The section of the statute that you are referring to actually involves logistical management. It only talks about how a hearing is to be conducted and how a calendar is to be conducted. Hearings have to be held somewhere. They have to be held either in person or they have to be held electronically. But that helps to construe what the word appellant means. Surely we all know that most litigants are represented by counsel, but this is a case where the agency has a statute and can make its own rules, and so he does more, doesn't it, than just deal with facilities and equipment. Your Honor, I would disagree with that and say respectfully that that is purely about logistical management. Consider that Mr. Atalano is a severely disabled veteran. The plain reading of the statute allows all veterans to have hearings regardless of whether or not they're capable of appearing themselves. The reading of the statute as interpreted by the Veterans Court would basically prevent any veteran who is disabled, severely disabled, and unable to personally appear and participate, would basically prevent them from having the hearing. It would prevent them from having the opportunity to submit testimony from live witnesses, and that's what I was getting to in the Mr. Atalano was rated as 70% disabled for a psychiatric disorder, and such a disability rated under 30 CFR 4.130 Diagnostic Code 9411 clearly indicates how severe this disability is, and in the reply brief I clearly indicated what Dr. Trippi found in her report that Mr. Atalano suffers from memory loss, short and long-term memory loss, has impaired concentration, his mind wanders easily, so in effect the interpretation by the Veterans Court would basically prevent disabled veterans from having hearings. If you must actively participate and be present at a hearing, you're basically preventing anyone who's bedridden physically or anyone mentally who is incapable of assisting counsel or even being competent to testify from witnesses, whether it's an expert witness like a doctor or a lay witness, like a buddy or even a family member. This is, hearings are so important in, hearings are just so important, it's an opportunity to present hearing testimony, sworn testimony, to the board member, to the veterans law judge. Mr. Raven, this is Judge Taranto, can I just ask you this, assuming that the term appellant just means the party and doesn't really answer the question of what is supposed to happen at the hearing, and it just says an opportunity for a hearing, why isn't it left to the agency to determine which, in various circumstances, of three possible things that could happen at a hearing, this is to do? One is to provide testimony from the claimant as a witness, a second is testimony from other witnesses, and the third is argumentation of a legal sort from a representative. Why isn't that left to the agency? Well, the agency is promulgating regulations to interpret the statute, but the plain meaning of the statute indicates that an appellant has the right to a hearing. The way that the the secretary has interpreted it, if you notice, there is no B, there's only the the appellant appearing personally for the hearing, and C, which is the appellant's representative under the statute, under, I presume that you're looking at the section of 20.700 that allows the VA or allows the appellant to have a hearing, which is not evidence, which is not testimony. The secretary clearly has the right to promulgate regulations, but the argument is that the Veterans Court improperly interpreted the statute. Can I ask you this? Do you get any benefit out of the history, some of which I think is recited in the Veterans Court's opinion in Cook, which I think says something about Congress when it wrote 7107B said it was codifying a regulation that was in place at the time and the regulation in place at the time perhaps made clear by its terms that the hearing was for argument, was for testimony or argument, which would maybe tend to suggest that the personal presence of the veteran was not required. I would agree with you, and I think that Congress felt that it was so important that Veterans have the right to have a hearing to submit testimony, sworn testimony from witnesses as well as from themselves if they wish to appear, that they codified it, and I agree with what you're saying about the history being beneficial and demonstrating that the Veterans Court interpretation is erroneous. Mr. Raven, this is Judge Stoll. I mean, following up on this same line, do you think that the definition of hearing in the agency's regulations, that's at 38 CFR 20, is helpful to you? It says hearing on appeal is defined as a hearing conducted after a notice of a disagreement has been presented concerning the determination or determinations by the agency of original jurisdiction being appealed. It doesn't identify, for example, whose testimony it's talking about. I think that that would be helpful, and it certainly would be helpful to demonstrate that the veteran's personal appearance and personal participation was not required. The whole purpose of the hearing is to elicit testimony, and that's clearly in the Secretary's regulations, and that's at 20.700B, purpose of a hearing. The purpose of a hearing is to receive argument and testimony. Mr. Raven, what do you do with 20.702D, which I think says that if you ask for a hearing and without advance notice you don't show up, the board will deem the request withdrawn and will cancel it. Sure, 20, that's clearly logistical management. If no party show up, and it's very common at the board in the central office in Washington DC for people to request, for persons to request a personal hearing and then not show up on the day of the hearing, I think that it was almost like 90% of people who request hearings never show up. And in that case, the Secretary, I'm sorry, nobody shows up or just the veteran doesn't show up? No, I would say, don't quote me on this, on the statistics, obviously, this is not part of, this is only anecdotally, and I would say that, but nobody would show up. Whereas, as opposed to this particular situation where counsel and a medical expert showed up to provide testimony. I see that I've gone through my time. I would like to ask a couple more questions. I have a question for you, which is, I know that you put a lot of stock into saying that the appellant is not the claimant alone, I guess. I'm not sure who you think the One concern I have with that, among others, is that the regulation that I cited to you about the definition of a hearing also defines the appellant. For example, it says it's a claimant who has filed an appeal and it defines also a claimant as a person who has filed a claim. I mean, it seems pretty darn clear that, you know, the appellant doesn't include the appellant's attorney. What were you thinking appellant meant? Were you thinking that it included the attorney or was it something more nuanced than? Your Honor, when the term appellant is used, I think it's used interchangeably. I mean, both the person, like Mr. Jesus Sartano, as well as his representative. If you were to look at 38 U.S.C. Section 7107-D1, in effect, at the time of the hearing back in 2016, that provision says an appellant may request that the hearing before the location or facility of the department located within the area served by regional office of the department. Surely, that doesn't mean only Mr. Jesus Sartano. Mr. Sartano could request that. Attorney, may I interrupt you? I think what it means is that the attorney can request on the appellant's behalf and that your argument might be that the attorney may be present at the hearing on the appellant should be defined to include the appellant's attorney. I would just point out that the way that the statute is written, I think it's consistent to say appellant means both the attorney and the attorneys, that the appellant personally and the appellant's representative. I respectfully agree with that, but let me ask you one more question, which I think is pretty important. I read the Veterans Court's decision to rest on two independent bases. One is that Section 7107 is unambiguous and requires Mr. Atulano to have been at the hearing, and you do clearly challenge this on appeal, but there's a second alternative basis that starts at page A9 of the record, and the Veterans Court says, assuming Section 7107 is ambiguous and Chevron deference applies, the agency regulations reasonably require that Mr. Atulano attend the hearing. I don't see in your briefs where you've challenged this part of the Veterans Court's holding on appeal. Can you address that, and if you think you have challenged this part of the Veterans Court's decision, could you show me where that is in your blue brief? Your Honor, I did not challenge that. I did not challenge the argument that Chevron deference would require deference to the Secretary's regulations, and the reason for that is that Mr. Atulano's position is that the plain language of the statute is clear. It clearly requires the appellant, including the appellant's attorney, to present testimony, whether from the appellant or from the appellant's witnesses, and the Veterans Court's decision is not based on Chevron deference. It's based on the plain meaning of the statute. So, hypothetically, if I were to disagree with you on that, and I were to think that it were ambiguous, then you have not challenged the Veterans Court's decision. I have not challenged that alternative or that because that wasn't the basis for the Veterans Court's decision, and I It says any alternative. That's their alternative holding. I understand, and I respectfully would argue that it's a plain meaning issue, and it's the issue of the plain meaning. I did not get into Chevron deference simply because I understand that it's very, very difficult to demonstrate that there's, under standard, to show that deference shouldn't be accorded to the Secretary. Okay, thank you. Thank you, Mr. Raven. You've essentially consumed your time answering questions, but we'll give you three minutes back for rebuttal. Ms. Beck. Thank you, Your Honor. May it please the Court, we request that this Court affirm the decision of the Veterans Court. Importantly, and as Judge Stoll pointed out, the Veterans Court had two alternative bases for its finding, and I think what's key here is that even if this Court determines, in contrast to the Veterans Court, that the statutory language does not unambiguously favor the Veterans Court's interpretation, the regulations nonetheless make clear that Mr. Adelano was present or required to be present at his own hearing, at least in the absence of a prior good cause notification, which he truly and undisputedly did not make. And again, I think it's important to note, as Judge Stoll just noted, that Mr. Adelano is not challenging that the VA Regulation 20.700 is a permissible construction of the statute should the Court read it to be ambiguous, and this is especially important because Section 7105 does explicitly delegate authority to the VA to prescribe regulations regarding hearing and representation. Ms. Bey, this is Judge Toronto. I wouldn't have thought, actually, that the 700 Regulation actually answers the question, but why doesn't the 702D answer the question? Your Honor... Just to try to be clear, it's the 700 that says, if you do not ask, if you do not appear personally, you shall not get a hearing. I don't think words with those meanings, with that meaning, ever appear, including in 700A, which says, if you do appear, you get one, but if is different from only if. Yes, Your Honor, I agree and understand, and I think that reading 700 and 702 both lead to a clear understanding that Mr. Adelano would have been required to attend his hearing, at least in the absence of good cause, and the reasons are as following. For one, Mr. Adelano states that the statute does not, well, he states that the statute clearly does not require an appellant to show at his own hearing, but in that case, he is conflating or combining appellant and appellant's representative into the word appellant, and again, I think at best, the word appellant would be ambiguous, even though I agree with Judge Stoll, who was pointing to the definitions that appellant does appear to refer to the veteran or claimant, but the regulation itself in subsection 700 and sprinkled throughout Part 20 of the regulations does actually make a very clear distinction between an appellant and an appellant's representative, therefore undercutting Mr. Adelano's arguments that the appellant can encompass the representative. Subsection A, subsection D of 700, distinguishes between the appellant. I'm hearing what you're saying as not really answering my question. The appellant is the party. Now, in this context, the party is always a natural person, and so it's the party. If you said appellant in the Federal Rules of Appellate Procedure, it could be a corporation, and the corporation would never have to appear personally, so I'm not quite sure, and lawyers or representatives represent their parties, and there's lots of language in all kinds of legal contexts that says the appellant argues. Well, the appellant may never have even read the pleading or the brief. You mean the representative is speaking on behalf of the party, so I'm just not sure how much mileage one gets out of a dispute about the meaning of the appellant. It's plainly the claimant who is the party, but then the question is, where do the regulations say that person must appear in person at the hearing? Your Honor, the regulation does not say that that person must appear in person, but it does state in subsection B that the purpose of the hearing is to receive not just argument, but testimony, and that it is contemplated that the appellant and witnesses, if any, will be present, and that accords with section 7107E, which talks about the appellant personally appearing, so I think between 7107... I'm not quite sure what to do with this Veterans Court first said that the statute unambiguously requires the appearance, and let's put that aside for an appearance in the sense of personal presence of the individual, and then the regulations say, well, sometimes we're not going to have it if you don't appear, but where does the second part of the Veterans Court opinion seems to say, and maybe the Board said, that we just have a rule. If you don't appear, you are not entitled to have any kind of hearing, including for the other two purposes, argument from a representative or non-party witness testimony. Your Honor, I think that the Board decision, actually, I think the Veterans Court, it may be brushed over the issue of the good cause issue, holding, I think, just that Mr. Adelano had not even established good cause, so it sort of didn't matter in that case, but the Board, I think, did state in its decision that if an appellant had shown good cause in advance for why he not appear, or why he could not appear, I think, in accordance with 700B and 702D, that the hearing may have been able to I think that our reading of 700B, especially taken in conjunction with 702D, which Your Honor is cited, contemplates, basically, that the appellant is expected to be present. I understand Your Honor's position that it's not an only if, but that the appellant is expected to be present, but there is, I don't know what the exact term is, exception, will go room regarding that there may be good cause that could be shown for the appellant not being present, and that a hearing will not normally be scheduled solely for the purpose of receiving argument, and maybe for the appellant not to be there, but there does seem to be some faith in the regulation for situations where an appellant has demonstrated good cause, but here, Mr. Adelano, it's undisputed that Mr. Adelano never showed good cause before the hearing, despite the Board's, I This is Judge Loring. I saw it argued that the Board has limited resources and wants to ration them to deal with people who are going to show up and argue and contribute to the argument of their cases. Are there any data in the record to show what percent of appeals have hearings and what don't, so that we might have a feeling for how scarce the resources are, and whether that's really a relevant consideration? Your Honor, I'm not sure that there is any data in the record that shows what percentage of Board appeals go to a hearing, but I think that the Board, to my understanding at least, does act in accordance with 707B, which says that the Board will essentially afford the appellant an opportunity for a hearing, and so I would expect that appellants who request hearings, and that seems to be what happened in this case, will be given the opportunity for a hearing, as Mr. Adelano was, and in fact even the opportunity to reschedule the hearing multiple times, and I think the Veterans Court also does talk about, and this is I think sort of sideways to your Honor's question, that at least in terms of numbers and percentages, the Veterans Court cited to the Cook case, which had a good bit of legislative history talking about the purpose of a Board hearing, and that hearing from the, and that giving the Board member the opportunity to personally interact with the appellant was the purpose of the Board hearing, and actually did lead to a larger percent. Ms. Faye, I thought that when I read that opinion, I thought it said that the purpose of the hearing was to give the Veteran an opportunity to present his case live before the Board, and there was also some discussion about how statistically your chances of success seem to increase when you have an opportunity to present live witnesses, not just the Veteran. I did not read it as you are, saying it was for the purpose of the Board to be able to ask questions of the Veteran. Your Honor, I was taking from the quotation from the Cook case where I think the statistics your Honor is referring to states that an appellant's personal appearance before the Board makes a significant difference in achieving favorable resolution of the claim, and I was, we were reading that to state that the appellant personally being there before the Board was what made the difference, and it does also quote from the Arneson case, which states that it's the Veteran's one opportunity to personally address those who will find facts and make credibility determinations, and that the Board is, the hearing is also so that the Board can give claimants the information necessary for the development of their claims, and I know it's not in our group, but I... Ms. Faye, can I ask a question? Here, Mr. Atulano, since 2010, has had a 70% disability rating for PTSD, and I believe a TDIU. Why wouldn't that be good cause for why he doesn't have to appear in court personally, and instead could be represented by his counsel? Well, your Honor, first I would state that I think that that's a factual question, but secondly, I don't think we ever have stated or argued, and I don't think the Veterans Court has ever stated or argued that Mr. Atulano's TDIU or 70% disability could never be good cause or is in fact not good cause. I think that what the Veterans Court was saying and what the Board was saying below that is that Mr. Atulano had not shown good cause and... I saw that. I read that. I understand, but the framework, you know, maybe the framework that they applied was wrong because they said there wasn't good cause without any explanation of why there wasn't good cause, for example. You know, they just said no good cause without... just lumped him in with five other people who were also represented by the same counsel without looking at his individual circumstances and determining whether he had good cause for not being presented. I don't see any analysis whatsoever of his 70% PTSD and TDIU rating from 2010 in their analysis of good failure to show good cause. Your Honor, I agree that there was not a specific factual analysis as to Mr. Atulano's disability level vis-a-vis good cause. Of course, there wasn't a Board decision itself, but I think that both the Board and the Veterans Court were acting in accordance with the regulation by sort of... I think they were stating essentially that Mr. Atulano had not shown good cause, had not submitted anything except to show good cause. Well, in 700B and B basically states that requests for representatives to personally appear alone may be granted if good cause is shown and whether good cause has been shown will be determined by the presiding member. I think that the Board and the Veterans Court would have been presuming that the good cause being shown meant that somebody had to make the showing of good cause, whether it be the appellant or the representative. What do you make of the regulation's definition of hearing, which is quite broad? I mean, I think here that to me the question of who is the appellant only goes so far. I don't think that's the right word to focus on here in 7107 and a better word to focus on is hearing. And what about how the regulation defines hearing to include providing the testimony of witnesses? There's also other regulations that say that a claimant can be represented by an attorney who has certain credentials. Why isn't that broad definition of hearing also something to be taken into account when looking at the regulations and understanding whether these regulations actually contemplate that you're not entitled to a hearing at which your representative would question your expert witness unless you are personally present as well? Well, Your Honor, I don't think that anything in subpart 700 is in conflict with the broader definition of the hearing, which can include argument and questioning of other witnesses. I think that subsection B of part 700, especially in conjunction with, as Judge Lori pointed out, subsection E of the statute, contemplates that the appellant will personally be present. However, the witnesses are contemplated to be present if there are any other witnesses and that it is also for argument. So I don't think that the regulation, the requirements of the regulation that the appellant is expected to be present precludes there being argument from the representative and testimony from other witnesses, but it does seem to center the appellant's presence and testimony of the appellant. And that, I think, accords with the caveat that a hearing can be used just to, if I may just finish my sentence, personally present argument if good cause is shown. Sorry, Your Honor. No worries. We were asking you a lot of questions and appreciate your answer. My question is, you said earlier, you said that the regulation requires good cause in order to be able to have the appellant not present for the hearing. But when I look at 20.700B, it seems to differentiate between argument and testimony, and good cause seems to only apply to attorney argument. When that sentence about good cause is referring to when there's just going to be attorney argument. Do you disagree with that? The good cause for 20.700B is a loan to personally present argument to members of board and be granted if good cause is shown. Yes, Your Honor. That doesn't relate to hearings, right, where testimony can be provided. It's just for appearances alone to personally present argument as opposed to testimony. It does appear to be specifically cabined to requests by appearances by representatives alone, but subsection D regarding informal hearing does, in fact, provide for what would normally happen in situations where the appellant cannot or does not wish to appear, and that's informal arguments by audio cassette. And so I think that, again, buttresses whether good cause has to be shown for a hearing involving testimony. Subsection D does not, right? It does not, but it does indicate that if the authorized representative to present oral argument by audio cassette without personally appearing. But again, just to conclude, I'm, of course, happy to answer. Can I just ask one question? Do I understand correctly that the statutory provision and or regulations that are at issue in this case have been superseded in some way by the 2017 Act and the 2019 regulations under them, and if that's right, how much of what we would be deciding in this case would answer the questions under the superseding statutory and regulatory provisions? Your Honor, my understanding is that a lot of this has been superseded or at least updated pursuant to the Modernization Act of 2017. I have read the new statute and regulations. I'm not intimately familiar with them. I do believe that they have, excuse me, Your Honor, at least the statute has made it easier for the appellant to participate in a hearing. And interestingly, this actually predated the pandemic by allowing the appellant to participate in the hearing completely remotely. So instead of having to go to a VA facility at all, I believe that the new statute allows for the appellant to participate from his home, which would, I think, take care of at least some of the issues of appellants who are too disabled to appear. I cannot, unfortunately, speak directly as to whether, like, what else specifically is there in the statute and regulation that could affect Mr. Adelano's case, but there has been a fair amount of rejiggering and rehaul of both 7107 and CFR 700, Your Honor. One further question, Ms. Bucke. Doesn't the board's interpretation mean that a disabled veteran doesn't get a hearing? Because if he can't appear, he doesn't get a hearing? Your Honor, I think that Your Honor's question is a little bit difficult to answer in just the generic black or black and white yes or no answer. I think that it does not, if Your Honor is referring to an appellant who is, say, undisputedly too disabled to participate in the hearing, I think that that gets into a lot of gray area that's unfortunately beyond what we're dealing with in Mr. Adelano's situation. I think there are regulations and statutes that otherwise provide for next friends or fiduciaries to stand in for claimants, and I think that would obviously include a whole host of other details and difficult to get into in a hypothetical, but that's certainly one avenue for there being able to be fact witness testimony at a hearing where the next friend or fiduciary might stand in for the claimant or appellant. As far as the sort of other part of Your Honor's question, I don't think that it would still, per se, eliminate the ability for a hearing because 700 B and D do appear to carve out at least exceptions in which argument can be presented at a live or videotape hearing by the appellant's representative, and I think the board stated that good... Ms. Bay, I think we have your answer. Thank you, Mr. Raven. We gave a lot of extra time to Ms. Bay because we asked questions, so you can take your full five minutes for rebuttal if you need us. Thank you, Your Honor. I would like to just bring two points to the conclusion and rebuttal. The first point would be to talk about Mr. Atalano and factually what his circumstances are, and to circle back second to Judge Lurie's question to the Secretary's counsel, the government's counsel. Basically, under the Veterans Court interpretation, a disabled veteran who can't appear doesn't get a hearing. That's very clear, and in footnote five of the Veterans Court decision, it quite clearly says that there's no authority for the proposition that when a veteran can't appear, when an appellant can't appear, there is no provision for hearing. There is no discretion. The board has no discretion to grant the hearing. There's no good cause for that, even under the Secretary's... But he still gets an argument with a hearing, but that doesn't mean he lacks due process. No, Your Honor. I respectfully disagree with you because there is no guarantee for argument. Only if good cause is shown, and only is that the discretion of the board member. But further, oral argument is different than a hearing where you get to present testimony from a witness, such as Dr. Trippi, who has written testimony in response to questions. Lay testimony is just so important and so critical in these cases. For example, in this case, Mr. Atalano's appeal was denied on the basis of the board member finding and providing... Actually, adjudicating and finding no probative value to Dr. Trippi's written testimony because it contained answers that were not questioned, or it contained information that didn't square with the Veterans Law Judge's findings. So again, Judge Lurie's question, if a disabled veteran can't appear under this interpretation, if they cannot appear and they cannot participate in the hearing, they get no hearing. There will be no hearing. Zero. That's it. It's finished. But circling back finally to Mr. Atalano's conditions, he was 70% disabled under a psychological disability, PTSD. VA found that he had that disability, and further, they found he was totally disabled and entitled to individual unemployability. Clearly, even Dr. Trippi found that he suffered from these impairments. Under 38 CFR 4.130, Diagnostic Code 9411, a 70% disability rating is assigned by VA, and they find that there are deficiencies in most areas caused by with interfere with activities, speech intermittently, illogical, obscure, or irrelevant, near continuous panic or depression. This is a severe disability. In short, and to conclude, the Veterans Court interpretation is erroneous. It's not a correct interpretation of the plain meaning of the statute. Mr. Craven, this is Judge Toronto. Can I just ask one question, I think, about what you were just talking about? Suppose that the Veterans Court were correct that unambiguously, 7107B gives no right to a hearing unless the Secretary precludes the Secretary from giving such a right anyway. It wouldn't be contrary to the statute. It just would be in no way authorized by that provision. Is it right that the Secretary cannot add to the statutory rights in favor of the veteran? If that were to happen, Your Honor, I think that you'd see it applied unevenly throughout, so that some veterans, some appellants who weren't able to appear would get hearings and others would not. Some person like Mr. Jesus Tatelano would be left wondering why wasn't he allowed to present an expert testimony, but somebody else was. And I think that there's no wiggle room from the court's interpretation. And looking at footnote five, I just think that there's no opportunity for the Secretary to deviate from the court's obligation to be physically present and must participate in the hearing in order to get a hearing. Thank you. Thank you. Thank you, Mr. Rabin. We appreciate the argument, counsel, and the cases submitted.